[Civ. No. 5042. First Appellate District, Division Two.—April 30, 1925.]

## M. S. QUADRO, Respondent, v. C. H. WIDEMANN, Appellant.

[1] CONTRACTS—SEVERAL OWNERSHIPS OF CROP—SALE TO THIRD PARTY —ACCEPTANCE OF LESS THAN AGREED PRICE—SHARING OF LOSS— EVIDENCE.—A defendant, who was to receive, as rental for land rented to plaintiff, a portion of the crop raised by plaintiff, and who signed a contract entered into by plaintiff with a third party providing for the sale of the crop to the latter, and further providing that a stated percentage of the purchase price was to be paid when the crop was delivered to said third party, was not entitled to recover from the plaintiff the difference between the agreed purchase price and a lower price accepted by the defendant after said third party had refused to pay the agreed price upon delivery because of the damaged condition of the crop, since the defendant, when the crop became damaged by rain, was bound to bear his own loss.

72 Cal. App.—31

[2] ID.—PROMISE TO ANSWER FOR DEBT OF ANOTHER—FINDING—EVI-
    DENCE.—An alleged oral agreement of the plaintiff to answer for
    the debt of a third person falls within the provisions of section
    1624 of the Civil Code and must be in writing; and the question
    whether the plaintiff's promise was made upon the consideration
    that defendant cancel the obligation of the original obligor, and,
    therefore, was deemed an original promise, was one of fact, and
    the trial court having decided the same in favor of the plaintiff
    upon sufficient evidence, the determination is conclusive on appeal.

(1) 36 **C. J.**, p. 703, n. 93 New.  (2) 4 **C. J.**, p. 884, n. 37; 27
**C. J.**, p. 129, n. 85, p. 390, n. 4.

APPEAL from a judgment of the Superior Court of San
Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert Mansfield for Appellant.

J. E. McCurdy for Respondent.

LANGDON, P. J.—This is an appeal by the defendant
from a judgment against him for $592.09, in an action for
money had and received by defendant for the use of plain-
tiff.

The facts which gave rise to the action are as follows:
The plaintiff had rented certain land from the defendant
and was to pay a crop rental of one-third of the crop raised.
A written agreement had been entered into between plaintiff
and McGill & Co., by which the latter was to furnish seed
to plaintiff and purchase the crop of peas raised upon the
land at the rate of eight cents per pound, after receiving
from said crop an amount equivalent to the seed furnished.
The defendant signed this contract between plaintiff and Mc-
Gill, thus providing for the sale of his share of the crop.
The contract also provided that ninety per cent of the pur-
chase price should be paid when the peas were delivered to
McGill & Co. and the balance after they were recleaned.

When plaintiff delivered the peas to McGill & Co. under
this contract the company would not pay for the peas until

2. Promise to pay debt of another as within statute of frauds,
notes, 5 **Am. Dec.** 321; 95 **Am. Dec.** 251; 46 **Am. Rep.** 296.

they had been examined because they were defective and not fit for seed.  Later McGill & Co. refused to pay for the peas at the contract price because they had been rained on and their value greatly impaired.  After some negotiations and the commencement of an action to recover the purchase price of the peas, plaintiff gave defendant an order requesting him to settle with McGill & Co.  After some delay defendant finally settled the claim upon the basis of four and one-half cents a pound for the peas.

The questions involved upon the appeal arise with reference to various counterclaims set up by the defendant.  Two of these claims were allowed and two were disallowed. [1] One of the latter sought to charge plaintiff with the difference between the price at which the peas were contracted to be sold (eight cents per pound) and the price which defendant finally received for his portion of the crop (four and one-half cents per pound).  The position of appellant with reference to this claim is that the plaintiff should have collected for the peas at the contract price when they were delivered to McGill & Co. and because he failed to do so the defendant was forced to take a reduced price. The answer to this is that the plaintiff testified that McGill & Co. would not pay for the peas upon delivery because they were damaged.  Apparently the condition of the peas was such that McGill & Co. were not legally obligated to pay the contract price for the same, because an action was brought by plaintiff and negotiations entered into between the parties, and the defendant himself undertook to make the collection and all without avail.  Defendant was finally compelled to agree to compromise the claim and accept four and one-half cents a pound.  By the contract between the parties hereto, the defendant was to receive a portion of the crop, and when the crop became damaged by rain, defendant was bound to bear his own loss.  There is no merit in this counterclaim and the trial court so concluded.

[2]  Another counterclaim arose out of an alleged oral agreement of plaintiff to answer for the debt of a third person.  Such a promise falls within the provisions of section 1624 of the Civil Code and must be in writing.

Appellant seeks to meet this obstacle by contending that the record shows plaintiff's promise was made upon the con-

sideration that defendant cancel the obligation of the original obligor and, therefore, was deemed an original promise. (Sec. 2794, Civ. Code.) This was a question of fact upon which the evidence was conflicting and the trial court has decided the same in favor of the plaintiff. This determination finds support in the testimony of the plaintiff and of his brother, corroborated by the conduct of defendant in attempting to collect the debt from the estate of the original debtor after the time of the alleged substitution of obligors. The question, being one of fact, is closed upon appeal.

The judgment is affirmed.

Preston, J., *pro tem.*, and Nourse, J., concurred.